

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# Houser v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4089

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Houser v. Comm Social Security" (2002). *2002 Decisions.* Paper 392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 01-4089

_____

CHERYL HOUSER,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

{Pursuant to F.R.A.P. 43(c)(2)}


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 00-cv-01636)
District Judge: Honorable Gustave Diamond


Submitted Under Third Circuit LAR 34.1(a)
on  May 2, 2002

Before: ROTH and STAPLETON, Circuit Judges
POLLAK*, District Judge


(Opinion filed  July 15, 2002)


     * Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation


        O P I N I O N


ROTH, Circuit Judge:

     Plaintiff-Appellant Cheryl Houser appeals a District Court order granting
summary judgment to the Commissioner of Social Security.  The order affirmed the
Commissioner's final decision to deny Houser's claim for supplemental security income
(SSI) under title XVI of the Social Security Act, 42 U.S.C.    1381-1383f.  We agree
with the District Court that substantial evidence supports the Commissioner's finding
that Houser could perform a limited range of light work.  Houser's ability to perform
light work makes her ineligible for SSI, and therefore we will affirm the decision of the

District Court.

Before bringing her disability claim in federal court, Houser exhausted her administrative remedies by obtaining a hearing and decision from an Administrative Law Judge and by seeking review of the ALJ's decision from the Appeals Council. The ALJ's decision became the final decision of the Commissioner on July 21, 2000, when the Appeals Council denied Houser's request for review. The District Court had subject matter jurisdiction to review the Commissioner's final decision under 42 U.S.C. 1383(c)(3), and we have appellate jurisdiction, under 28 U.S.C. 1291, over the District Court's order granting summary judgment in favor of the Commissioner.

In both her appeal to the District Court and to us, Houser has challenged the Commissioner's final decision on the ground that it is not supported by substantial evidence. Our review of the evidentiary basis for the Commissioner's decision is quite limited, however. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000). Where the Administrative Law Judge's findings of fact leading to the Commissioner's decision are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the inquiry differently.

Under this limited standard of review, and for reasons set forth more fully in the District Court opinion, we agree that there is substantial evidence in the record reflecting Houser's ability to perform light work. The District Court noted evidence in the record from Houser's treating physician, Dr. Estonilo. Dr. Estonilo indicated that Houser could lift up to 25 pounds occasionally and 10 pounds frequently, that she could sit for substantial periods of time, and that she could endure two to six hours of walking and standing during an eight-hour work day. There was also evidence in the record that Houser was able to care for two small children on a daily basis, perform duties necessary to maintain a four-member household, and travel to do laundry and grocery shopping. Finally, the District Court noted that the ALJ considered and rejected Houser's countervailing contention that she was unable to function due to multiple impairments.

We have reviewed Houser's arguments that she is unable to perform light work and find them unavailing. Her contentions are, in essence, nothing more than invitations to displace the ALJ's evaluation of the evidence mentioned above. Houser would have us ignore the evidence of her ability to function and credit other evidence reflecting multiple impairments and subjective proof of injury. It is not our role to weigh the evidence in that manner, however, and we see no reason to disturb the Commissioner's decision under the deferential standard of review applicable to this case.

We will affirm the District Court's decision to grant summary judgment in favor of the Commissioner.


                              By the Court,


                                        /s/ Jane R. Roth
                              Circuit Judge